**Caroline M. CARLEY et al., Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**Civ. No. 2194.**

United States District Court
S. D. Ohio, W. D.

May 19, 1958.

Coolidge, Wall & Wood, Dayton, Ohio, for plaintiff.

Wellmore B. Turner, Dayton, Ohio, trustees of the Estate of Frank C. Carley.

H. Donald Hawkins, Asst. U. S. Atty., Dayton, Ohio, for the United States.

CECIL, District Judge.

This matter having been tried by the Court without a jury, the Court makes the following findings of fact and conclusions of law:

### Findings of Fact.

1. Plaintiff, Caroline M. Carley, is the widow of Frank C. Carley, who died December 25, 1953. Plaintiffs, the Winters National Bank and Trust Company of Dayton, and Wellmore B. Turner, are the duly appointed, qualified and acting Trustees of the Estate of Frank C. Carley, deceased. (Stip.Par. 2.)

2. At the time of his death, Frank C. Carley was president, treasurer, a director and the principal shareholder, owning 83.63% of the outstanding stock, of The Fairbanks Fiber Box Company, an Ohio corporation, with its principal office at Middletown, Ohio, which he had founded in 1912. (Stip.Par. 3.)

3. On December 29, 1953, the Board of Directors of The Fairbanks Fiber Box Company adopted unanimously the following resolution:

"Resolved, that in recognition of F. C. Carley's founding of the Company and his very real and continuous contributions of personal effort towards the advancement and welfare of the Company from its inception in 1912 until the date of his death on December 25, 1953, and in

sincere appreciation thereof, Mrs. Caroline M. Carley, his widow, be paid the sum of Thirty Thousand Dollars ($30,000.00) an amount equivalent to the annual salary paid to F. C. Carley, on or before December 31, 1953." (Pltffs.' Ex. 3; Dep. of C. L. Blair, pages 10 and 11; testimony of P. G. Rohlfing and C. T. Kehew)

4. Said sum of $30,000 was paid by the Company to Mrs. Carley on or before December 31, 1953, and was included as taxable income in the joint income tax return for 1953 filed on or about June 14, 1954 by Wellmore B. Turner and the Winters National Bank and Trust Company of Dayton, Executors of the Estate of Frank C. Carley, and his surviving spouse with the District Director of Internal Revenue, Cincinnati, Ohio; Said final joint income tax return disclosed tax due of $20,138.62, which was paid by said decedent and his surviving spouse to said District Director of Internal Revenue as follows:

| | |
|---|---|
| March 3, 1953 a/c Estimate Declaration | $11,800.00 |
| During 1953 by withholding tax | 4,889.00 |
| June 14, 1954, balance with return | 3,449.62 |
| | $20,138.62 |
| June 14, 1954, Interest | 51.75 |

(Stip. Par. 4)

———◆———

5. On or about March 13, 1957, plaintiffs duly filed on Form 843 with the District Director of Internal Revenue, Cincinnati, Ohio, their claim for refund for $14,769.50 of said $20,138.62 income tax paid for 1953 by said decedent and his surviving sponse, Caroline M. Carley, being the amount of overpayment of income tax attributable to the erroneous inclusion as taxable income in their 1953 return of said $30,000 payment to Mrs. Carley. Said refund claim was based upon the ground that "the amount of $30,000.00 voluntarily paid by The Fairbanks Fiber Box Company to the widow of a deceased officer was a gift and is not income subject to tax." (Stip.Par. 7 Ex. "B" attached to Stip.)

6. Said sum of $30,000 was charged on the books of The Fairbanks Fiber Box Company to the "Miscellaneous Expense" account and described as a "Gratuity". (Pltfs.' Ex. 4; testimony of P. G. Rohlfing) It was treated by the Company on its 1953 corporate income tax return (Form 1120) under Schedule J, other deductions, as "Payment to widow of deceased president." (Stip.Par. 4) Said return disclosed corporate net income of $278,072.74 and tax liability of $138,-077.50.

7. Plaintiff, Caroline M. Carley, was not at any time before or after the death of her husband, Frank C. Carley, an employee, officer, director or stockholder of The Fairbanks Fiber Box Company. (Stip.Par. 5)

8. At the time of its payment of the $30,000 to Mrs. Carley, The Fairbanks Fiber Box Company was not indebted to Mr. Carley or his estate. The deceased had been fully paid any compensation which the Company owed him. The Company was not indebted to his widow in any way. It was under no obligation of any kind to pay the widow any sums whatsoever. The payment was purely voluntary. It was a gift to Mrs. Carley. (Testimony of Messrs. Kehew and Rohlfing; Dep. of C. L. Blair, page 7)

### Conclusions of Law.

1. Whether or not the payment of $30,000 to the plaintiff, Caroline M. Carley, by The Fairbanks Fiber Box Company is a gift, is a question of fact to be determined from the particular facts of the case, having consideration,

to some extent, for the intention of the parties.

2. The payment of $30,000 by The Fairbanks Fiber Box Company on or about December 31, 1953 to Caroline M. Carley was a gift and not subject to income tax.

3. Plaintiffs are entitled to judgment for $14,769.50, plus interest according to law and costs, to be paid by defendant.